IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **TIMOTHY BRYAN STANDFIELD,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:16-CV-08135-KOB |
| **UNITED STATES OF AMERICA,** | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

In July 2015, Timothy Bryan Standfield pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and this court entered judgment against him. (Cr. Doc. 23). The court sentenced him to 130 months of imprisonment. (*Id.*). Mr. Standfield filed a notice of appeal on August 7, 2015, but then voluntarily dismissed his appeal on November 9, 2015. (Cr. Docs. 26, 36).

Mr. Standfield's moves under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence by a person in federal custody. (Doc. 1).[1] In support of his motion, Mr. Standfield claims that ineffective assistance of counsel on four different grounds caused his sentence to be improperly enhanced. The grounds include his counsel's failures to object to (1) the carjacking enhancement, (2) the obstruction of justice enhancement, (3) the improper release date and amount of time served on the PSR, and (4) the improper end of sentence date in his criminal history.

---

[1] As noted by the court in its "Order Regarding Summary Disposition," the court considers Mr. Standfield's motion as filed on July 5, 2016, when he signed the motion and delivered it to prison officials for mailing, not July 25, 2016, when the court received the motion, because of the "Mailbox Rule." (Doc. 4 at 1 n.1).

1

On August 2, 2016, the court ordered the Government to show cause why the court should not grant the relief requested by Mr. Standfield. (Doc. 2). On August 23, 2016, the Government filed "Response to Petitioner's § 2255 Motion." (Doc. 3). On August 25, 2016, the court notified Mr. Standfield that it deemed the case ripe for summary disposition in accordance with *McBride v. Sharpe*, 25 F.3d 962 (11th Cir. 1994), and ordered Mr. Standfield to submit any additional evidentiary materials or legal arguments he wished to offer on or before September 15, 2016. (Doc. 4). Mr. Standfield filed "Petitioner's Response to Respondent's Motion to Dismiss Petitioner's § 2255 Motion" on September 28, 2016. (Doc. 5). The motion is now ripe for review.

## I. Background

The indictment charged Mr. Standfield with one count of Bank Robbery under 18 U.S.C. § 2113(a) and (d). On March 24, 2015, he entered into a plea agreement with the government and pled guilty. The plea agreement contained a Waiver of Right to Appeal and Post-Conviction Relief. (Cr. Doc. 2). But Mr. Standfield reserved the right to contest ineffective assistance of counsel.

In the presentence investigation report (PSR), the probation officer calculated an offense level of 28, criminal history category V, and a Guideline imprisonment range from 130–162 months. (Cr. Doc. 21).

Mr. Standfield's counsel objected to the report on five grounds. (Cr. Doc. 15). First, counsel objected to Paragraphs 15 and 16 of the PSR, which explained an enhancement for obstruction of justice by the creation of a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer under U.S. Sentencing Guidelines Manual § 3C1.2. According to the PSR, a sheriff's deputy observed a blue Ford F-

2

150 traveling at a high rate of speed north on County Road 47. The deputy attempted to pursue the vehicle, but the vehicle veered off the road, drove through a field, and then reentered the highway at a speed exceeding 120 miles per hour. Counsel argued that no evidence shows that the vehicle described was the same vehicle owned or used by Mr. Standfield or that he operated the vehicle at that time, noting that "there has been no evidence that the blue Ford F-150 seen traveling through the field and in speeds greater than 120 miles per hour is that of Mr. Standfield." (Cr. Doc. 15 at 2).

Second, counsel objected to Paragraph 22, Specific Offense Characteristics. Paragraph 22 increased the offense level by two because of Mr. Standfield's attempted carjacking pursuant to § 2B3.1(b)(7)(B) of the U.S. Sentencing Guidelines Manual.

Third, counsel objected to Paragraph 26, Adjustment for Obstruction of Justice. Paragraph 26 increased the offense level by two because of Mr. Standfield's creation of a substantial risk of death or seriously bodily injury to another person in the course of fleeing from a law enforcement officer pursuant to § 3C1.2 of the U.S. Sentencing Guidelines Manual.

Fourth, counsel contended that Paragraph 31, which asserted that the total offense level was 28, should be reduced to an offense level of 24.

Fifth, counsel contended that Paragraph 83—which asserted that, based upon a total offense level of 28 and a criminal history category of V, the guideline imprisonment range is 130 months to 162 months—"should be revised to a total offense level of 24, and a criminal history category of V, [and] the guideline imprisonment range [to] 91 months to 115 months." (Cr. Doc. 15 at 2).

Mr. Standfield's counsel later withdrew the objection to the carjacking enhancement in Paragraph 22 upon reviewing a video of Mr. Standfield's attempted carjacking. (Doc. 3 at 2; Cr.

Doc. 18 at 7). But his counsel maintained the objection to the obstruction of justice enhancement for creating a substantial risk of death or serious bodily injury while fleeing law enforcement.

On July 6, 2015, at Mr. Standfield's sentencing, the court heard oral argument on the obstruction of justice enhancement. The court overruled the objection and sentenced Mr. Standfield to 130 months, which was on the low end of the Guidelines suggestion. Mr. Standfield argued for a downward variance, which the court refused to consider because "Mr. Standfield has received a huge break in not being charged with all six of the bank robberies, only being charged with one. Had he been charged with all six, his guidelines range would have been approximately 210 to 262 months in prison." (Doc. 35 at 36).

Mr. Standfield, through his counsel, appealed his sentence to the Eleventh Circuit on July 27, 2015, but he voluntarily dismissed his appeal on November 9, 2015. Just over eight months later, he filed this § 2255 motion on July 25, 2016. He contends that he received ineffective assistance of counsel because his attorney failed to object to (1) the carjacking enhancement, (2) the obstruction of justice enhancement, (3) the improper release date and amount of time served on the PSR, and (4) the improper end of sentence date in his criminal history.

**II. Standard of Review**

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const. amend. VI; *see Strickland v. Washington*, 466 U.S. 668, 684 (1984). And "a defendant has a constitutional right to effective assistance of counsel at sentencing." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). To prevail on a claim of ineffective assistance of counsel, the plaintiff must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. *See Strickland*, 466 U.S. at 684–91.

Deficient performance exists when counsel acts "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc). Instead, the plaintiff "must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc) (applying the *Strickland* standard to counsel's actions at the sentencing phase). Counsel is presumed to have acted reasonably. *See Strickland*, 466 U.S. at 690.

Prejudice exists if "a reasonable probability [exists] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough for [the plaintiff] to show that the error had some conceivable effect on the outcome of the proceeding." *Id.* at 693; *accord Chandler*, 218 F.3d at 1312–13 (applying the same standard in the sentencing context).

### III. Discussion

Mr. Standfield raises four arguments why he should be granted post-conviction relief for ineffective assistance of counsel at his sentencing. The grounds include his counsel's failures to object to (1) the carjacking enhancement, (2) the obstruction of justice enhancement, (3) the improper release date and amount of time served on the PSR, and (4) the improper end of sentence date in his criminal history. Each will be discussed in turn, except for the third and fourth grounds, which will be discussed together because each involves the calculation of Mr. Standfield's prior criminal history.

5

### a. Attempted carjacking enhancement

Mr. Standfield argues that, under Paragraph 22[2] of the PSR, his sentence was enhanced by two points because of his alleged involvement in a carjacking. He states the allegation was not part of the factual basis section in his plea agreement, he was never charged in federal court for the offense, and the state court proceeding regarding the alleged offense was dismissed. He also argues that the government failed to produce evidence to prove the carjacking took place, and when Mr. Standfield asked his counsel to object to the enhancement, his counsel told him that the decision to argue the point was counsel's decision—not Mr. Standfield's decision.

Under *Strickland*, Mr. Standfield must prove that his counsel's performance fell below the objective standard of reasonableness. And "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690.

Here, Mr. Standfield's counsel *did* object to the PSR enhancement for the alleged carjacking. He argued that "[t]here is no evidence that Mr. Standfield attempted to, or did in fact, take the vehicle of anyone else during the robbery." (Cr. Doc. 15 at 1). But Mr. Standfield's counsel withdrew the objection after watching a video of the attempted carjacking. According to the Government, the video shows Mr. Standfield "approaching a vehicle occupied by two individuals and pointing a gun at the occupants as [he] fled from the bank robbery." (Doc. 3 at 5).

Mr. Standfield contends that, when he made the plea agreement, "he was unaware that this alleged carjacking was to be used against him and to increase his points during sentencing.

---

[2] In his § 2255 motion, Mr. Standfield refers to the carjacking enhancement under Section A, Line 22 of the PSR. (Doc. 1 at 4). The court reads this as Paragraph 22, which details the two-point enhancement for the attempted carjacking.

[Mr. Standfield] was only made aware of this fact when the PSR was finalized." (Doc. 5 at 2). True, the attempted carjacking was not included in the factual basis of the plea agreement. But the plea agreement included a stipulation, signed by Mr. Standfield, that "[t]he defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant . . . may have committed." (Cr. Doc. 2 at 6). And Judge Johnson at the hearing on Mr. Standfield's plea agreement confirmed with Mr. Standfield that other facts not listed in the factual basis of the plea agreement may affect his sentence:

> THE COURT: . . . There's also a statement in this bold print on Page 6 where you acknowledge that these facts may not be all the facts and evidence in this case, and there may be other facts that are not listed in the factual basis that may affect your sentence.
> THE DEFENDANT: Yes, ma'am.

(Cr. Doc. 32 at 14–15).

Mr. Standfield notes that, while he did acknowledge that outside facts could be used for sentencing purposes in his plea agreement and at the plea hearing, his counsel did not advise him specifically that the attempted carjacking video would be submitted. But Mr. Standfield's counsel could not possibly have advised Mr. Standfield that the attempted carjacking video would be submitted, as his counsel was unaware the video existed until the Government presented the video to him after he objected to the PSR. Mr. Standfield acknowledged twice—once in his plea agreement and once at the hearing—that he understood additional facts could be used for sentencing purposes.

Further, Mr. Standfield contends that the attempted carjacking was not related conduct because the victims did not press charges and made no claims for restitution. But the attempted carjacking certainly was related to Mr. Standfield's charged conduct because he attempted to steal the car as he fled from the bank he robbed. The carjacking enhancement may apply without

7

Mr. Standfield being formally charged with carjacking. *See United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000) (noting that the Government is not required to prove intent for a carjacking enhancement, unlike pursuing a charge under the carjacking statute).

So, Mr. Standfield was aware that facts outside of those included in the plea agreement, such as the attempted carjacking video, could be used at sentencing. Further, the court finds that counsel did not act unreasonably by withdrawing the objection to the carjacking enhancement after watching a video of the attempted carjacking. "Counsel is not required to present every nonfrivolous defense." *Chandler*, 218 F.3d at 1319. And counsel is certainly not required to present a meritless defense. *Davis v. United States*, 696 F. App'x 431, 434 (11th Cir. 2017) ("Failing to make a meritless objection does not constitute deficient performance.").

    **b. Argument 2**

In Paragraph 26[3] of his PSR, Mr. Standfield was assessed two points for obstruction of justice for driving at speeds in excess of 100 miles per hour. Mr. Standfield argues the Government failed to show adequate evidence to support the enhancement because the terms "a high rate of speed" and "a very high rate of speed" used in the factual basis section of the plea agreement are vague and do not adequately establish that his conduct created a threat to others. Mr. Standfield argues that his counsel argued that the Government could not distinguish that the vehicle in question was Mr. Standfield's vehicle, when counsel should have argued that the standard upon which the Government determined that his speed created a threat to others was too vague.

---

[3] In his § 2255 motion, Mr. Standfield refers to the obstruction of justice enhancement under Section A, Line 26. (Doc. 1 at 6). The court reads this as Paragraph 26, which details the enhancement for obstruction of justice.

In his plea agreement, Mr. Standfield stipulated that, after fleeing the bank on foot, he entered a blue Ford F-150 truck with a large "A" on the back window and drove "at a high rate of speed north on County Road 47." (Cr. Doc. 2 at 3). When a sheriff's deputy attempted to pursue the truck, the truck "traveled off the roadway, through a field before reentering the highway travelling northbound at a very high rate of speed." (*Id.*). When officers dispatched to Mr. Standfield's residence, they observed a blue Ford F-150 pulling into the driveway. (*Id.*). The truck no longer had an "A" sticker on the back window, but officers noticed an outline of an "A" on the back windows with smears around the outside. (*Id.* at 4).

Mr. Standfield's counsel objected to the enhancement for obstruction of justice in Paragraph 26 of the PSR. At sentencing, the court heard oral argument from his counsel on the enhancement. Mr. Standfield's counsel argued that case law held that a person who just committed a crime may reasonably want to avoid getting caught, and so evading arrest without more cannot be considered an obstruction of justice. (Cr. Doc. 35 at 4–5). He further argued that the vehicle found parked at Mr. Standfield's house did not match the physical description of the vehicle that law enforcement pursued after the robbery. Specifically, the vehicle the officers pursued was a blue Ford F-150 with a large "A" decal sticker on the rear window of the truck, while the vehicle parked in front of Mr. Standfield's house was a blue Ford F-150 with an outline of where a sticker used to be on the rear window of the truck. (*Id.* at 5). The court overruled the objection, noting that "when you have high rates of speed, such as stipulated to in the plea agreement, and stated in the presentence report, I think that rises to the level . . . sufficiently to impose the enhancement." (*Id.* at 7). *See United States v. Washington*, 434 F.3d 1265, 1267–68 (11th Cir. 2006) (upholding the district court's application of an obstruction of justice

9

enhancement pursuant to § 3C1.2 when the defendant fled the scene by car at a high rate of speed to evade the police).

Mr. Standfield argues that his counsel failed to object to the vague standard the Government used to determine that his speed created a threat to others. He also questions "to what degree [his counsel] objected and whether [his counsel's] objection used every fact and piece of evidence available to him to argue against this enhancement." (Doc. 5 at 3). His counsel objected orally and in writing to this enhancement, and he relied on the record and stipulated facts in the PSR in arguing his point. What specific facts and arguments he used were tactical decisions. As noted by the Eleventh Circuit, "more is not always better. Stacking defenses can hurt a case. Good advocacy requires 'winnowing out' some arguments, witnesses, evidence, and so on, to stress others." *Chandler*, 218 F.3d at 1319. And "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken might be considered sound trial strategy." *Id.* at 1313 (quoting *Darden v. Wainwright*, 477 U.S. 168, 186 (1986)). Mr. Standfield cannot dictate which arguments or evidence his counsel presents; those decisions rest with counsel.

Also, Mr. Standfield stipulated that he attempted to evade the police and that he traveled at a "high rate of speed." And his counsel *did* object in writing and orally to the enhancement as to both the physical description of the vehicle and evasion without more facts to rise to obstruction of justice. The court overruled the objection. So, Mr. Standfield's counsel did not perform deficiently and Mr. Standfield was not prejudiced by his counsel's performance because Mr. Standfield's counsel *did* in fact object to the enhancement—albeit unsuccessfully—and the decisions of which arguments to make or facts to use rest with counsel as strategic decisions.

### c. Arguments 3 and 4

Mr. Standfield argues that the PSR incorrectly calculated his prior criminal history and that his counsel failed to object to the incorrect calculation. Mr. Standfield alleges that he brought to his counsel's attention that, in Paragraph 43, the probation officer improperly listed the release date and time served for his conviction for possession of a stolen vehicle in Wagoner County, Oklahoma. The probation officer identified the release date as March 5, 2003, but Mr. Standfield contends that a portion of his suspended sentence was revoked on March 20, 2002, and the actual end of his sentence was October 8, 2002. Because he allegedly served less than one year of revocation, this sentence would fall outside the 10-year window in which it can be used for sentencing. Mr. Standfield also contends that, in Paragraph 44, the offense (another conviction for possession of a stolen vehicle in Wagoner County, Oklahoma) had the same end of sentence date as the offense in Paragraph 43, and so the offense in Paragraph 44 should also be excluded from Mr. Standfield's criminal history because he served less than a year and this sentence falls outside the 10-year window. Had his counsel objected to the inclusion of these two offenses in his criminal history, Mr. Standfield contends that his criminal history would be six points lower.

The offenses listed in Paragraphs 43 and 44 of the PSR are two separate possession-of-stolen-vehicle cases against Mr. Standfield in Wagoner County, Oklahoma. (Cr. Doc. 21 at 17–18). In each case, Mr. Standfield was sentenced to two years of custody (suspended) and two years of supervised probation within the Oklahoma Department of Correction. The two sentences were to run consecutively. On March 20, 2002, the Oklahoma court revoked Mr. Standfield's suspended sentence and he was sentenced to two years of custody, to run concurrently with other cases Mr. Standfield faced in Tulsa County, Oklahoma. (*Id.*).

11

Pursuant to § 4A1.1(a) of the U.S. Sentencing Guidelines Manual, the court must "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." But "[a] sentence *imposed* more than fifteen years prior to the defendant's commencement of the instant offense is not counted *unless* the defendant's *incarceration* extended into this fifteen-year period." U.S. Sentencing Guidelines Manual § 4A1.1(a) cmt. n.1 (U.S. Sentencing Comm'n 2018) (emphasis added). Mr. Standfield's sentences for the offenses in Paragraph 43 and 44 were imposed on March 20, 2002—just over 12 years before Mr. Standfield committed the instant bank robbery offense on August 9, 2014, and well within the 15-year time limit. Because Mr. Standfield's incarceration fell within the 15-year time limit, his sentences for the offenses in Paragraph 43 and 44 were properly considered regardless of when the sentences expired.

Mr. Standfield contends that he had less than one year left to serve on these sentences when the Oklahoma court ordered him to serve the remaining time, and so these sentences should not be included in his criminal history because the sentence did not exceed one year and one month. But the § 4A1.2(k) instructs the court "[i]n the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, [to] add the original term of imprisonment to any term of imprisonment imposed upon revocation." Mr. Standfield's original term of imprisonment was two years of custody (suspended) *plus* the additional two years sentenced upon revocation of the suspended sentence. In total, Mr. Standfield was still sentenced to serve two years in custody on each case. And to the extent Mr. Standfield argues that he only served from March 20, 2002 until October 8, 2002, the Sentencing Guidelines provide that "criminal history points are based on the sentence *pronounced*, not the length of time actually served." U.S. Sentencing Guidelines Manual § 4A1.2 (U.S. Sentencing Comm'n 2018). So, both offenses were properly included in the calculation of Mr. Standfield's criminal

12

history, regardless of whether one considers when the sentence was pronounced or the amount of time Mr. Standfield actually served.

In his response to the court's Order Regarding Summary Disposition, Mr. Standfield raised a new argument as to why these two offenses should not be counted toward his criminal history. He contends that his counsel "failed to insist that his prior convictions be <u>certified</u> by the Circuit Clerk's offices in Tulsa and Wagner [sic] Counties Oklahoma. There is no seal of the clerk's offices on any of the conviction reports as required by law." (Doc. 5 at 5). Mr. Standfield cites no law requiring his conviction reports to bear the seal of the clerk's office, so the court turned to both Alabama law and federal law to understand Mr. Standfield's argument.

Under *Alabama* law, the prosecution must "prove or establish prior convictions by attested, certified copies of those convictions" for purposes of the state's Habitual Felony Offender Act. *Jones v. White*, 992 F.2d 1548, 1555 n.4 (11th Cir. 1993). But Alabama's Habitual Felony Offender Act has no bearing on Mr. Standfield's sentencing in federal court. Certified conviction reports are *not* required by federal law except for certain drug offenses for sentencing under the Controlled Substances Act. *See* 21 U.S.C. § 851. The Sentencing Guidelines do not require prior convictions to be certified before they can be used to calculate criminal history. So Mr. Standfield's counsel could not properly raise such an objection.

Because Mr. Standfield's criminal history was correctly calculated, his counsel would have had no meritorious basis to object. So Mr. Standfield's counsel did not perform deficiently and his performance did not prejudice Mr. Standfield.

## IV. Conclusion

For the reasons discussed above, the court will DENY Mr. Standfield's § 2255 motion. The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 6th day of June, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE